**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Randy Kendrick,<br><br>Plaintiff,<br>-v-<br><br>United Security Services, Inc.,<br>Always Ready & Reliable Security, Inc.,<br>Ibrahim Parham, and<br>Shawn Parham,<br><br>Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Randy Kendrick ("Plaintiff," or "Kendrick"), by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants United Security Services, Inc., Always Ready & Reliable Security, Inc., Ibrahim Parham, and Shawn Parham (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulation thereunder - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of

the New York Labor Law including sections 191, 193, 195, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Randy Kendrick ("Plaintiff" or "Kendrick") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

8. Upon information and belief, Defendant United Security Services, Inc. ("USS") was a New York for-profit corporation.

9. Upon information and belief, Defendant Always Ready & Reliable Security, Inc. ("ARRS") was a New York for-profit corporation.

10. Upon information and belief, Defendant Always Ready & Reliable Security, Inc. employed Plaintiff until in or around 2013, when Defendant United Security Services, Inc. became the successor in interest to Defendant Always Ready & Reliable Security, Inc., including with respect to Plaintiff's employment.

11. Upon information and belief and at all times relevant herein, the corporate Defendants were owned/controlled/managed by Defendants Ibrahim Purham ("Ibrahim") and Shawn Purham ("Shawn") who were in charge of the operations and management of Defendant USS and ARRS.

12. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

13. Upon information and belief, Defendants shared a principal place of business in New York County, New York at 274 W 145th, New York, NY 10031.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

15. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing security services to apartment and other buildings in the New York tri-state area.

16. Upon information and belief, and at all relevant times herein, Defendants employed approximately hundreds of persons at any given time.

17. At all times relevant herein, Defendants individually, and/or jointly employed Plaintiff as a manual worker performing a variety of manual work as a security guard and helper, including walking, lifting, moving, and transporting packages/boxes to tenants in the buildings in which he worked for Defendants.

18. Plaintiff Kendrick was employed by Defendants from in or around 2007 to on or about December 7, 2018.

19. Upon information and belief, and at all times relevant herein, Plaintiff was an hourly employee of Defendants, and was paid at a regular rate of $13.50 - $15 an hour at separate times during his employment with Defendants.

20. Upon information and belief, and at all times relevant herein, Plaintiff worked approximately 45-50 hours a week for Defendants and likely more; 5-6 days a week and was paid at his straight regular rate for all hours worked including his overtime hours (hours over 40 in a week).

21. A more precise statement of the hours and wages will be made when Plaintiff Kendrick obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

22. At all times relevant herein, Defendants failed to pay Plaintiff at a rate of at least 1.5 times his regular rate for hours worked in excess of 40 in a week, for each week during the period of his employment with Defendants.

23. At all times relevant herein, Defendants paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

24. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

25. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff in each week, among other deficiencies.

26. At all times relevant herein, Defendants failed to pay Plaintiff for each and all hours worked in each week during his employment with Defendants – Plaintiff was not paid any wages for hours worked during the last two weeks of his employment with Defendants in violation of Article 6 of the NYLL.

27. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

28. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

29. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce such as electronic equipment, and other essential security materials and supplies.

30. At all times applicable herein and upon information and belief, Defendants conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

31. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

32. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)**

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33 above as if set forth fully and at length herein.

35. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

36. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

37. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

38. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

39. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)**

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

42. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his

regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

43. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

**AS AND FOR A THIRD CAUSE OF ACTION**

**(NYLL § 190, 191, 193, 195, 196 and 198)**

44. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 43 above with the same force and effect as if fully set forth at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, and 198 and the applicable regulations thereunder.

46. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL 191(1)(a)(i) who should have been paid no later than weekly.

47. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay Plaintiff his wages, including his unpaid overtime wages, (FLSA and NYMWA), and non-overtime wages, wage deductions, within the time required under NY Labor Law § 190 et seq.

48. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

49. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

**Relief Demanded**

50. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages and non-overtime wages, unlawful wage deductions, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

51. Declare Defendants, individually and/or jointly (including their overtime and wage payment policy and practice as well as their wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

52. As to the **First Cause of Action,** award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

53. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

54. As to the **Third Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid overtime wages, non-overtime wages, wage deductions, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

55. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

56. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**December 17, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan______________
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*